IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CRYSTAL MARIE RAMOS, | ) | C 07-4271 JSW (PR) |
| Petitioner, | ) ) | **ORDER OF DISMISSAL** |
| vs. | ) ) | |
| PAUL COPENHAVEN, Warden, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a federal prisoner incarcerated in Dublin, California, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. She argues that she should be released to a Community Corrections Center ("CCC") sooner than the date designated by prison officials. She has paid the filing fee.

**BACKGROUND**

According to the petition, on March, 2007, in the United States District Court for the Western District of Texas, Petitioner was sentenced to a term of 18 months in federal prison based on her conviction for importing a quantity of marijuana greater than 50 kilograms. Her projected release date is October 21, 2008. Pursuant to Bureau of Prisons ("BOP") regulations, codified at 28 C.F.R. §§ 570.20 and 570.21 and prohibiting her transfer to a CCC until ten percent of her sentence remains, BOP officials have designated her for placement at a CCC on September 4, 2008, 45 days prior to her scheduled release date. Petitioner argues that she should be allowed to transfer to an CCC as soon as April 21, 2008.

**DISCUSSION**

Petitioner challenges the lawfulness of 28 C.F.R. §§ 570.20 and 570.21, which prohibit her placement in a CCC sooner, on the grounds that they are inconsistent with the clear congressional intent articulated in 18 U.S.C. § 3621(b). Petitioner states in her petition that she has not exhausted her claim through the BOP's administrative appeals process, but is currently in the process of doing so. (Petition at 3.)

Section 2241 does not specifically require petitioners to exhaust available remedies before filing petitions for a writ of habeas corpus. *Castro-Cortez v. INS*, 239 F3d 1037, 1047 (9th Cir. 2001). Nonetheless, the Ninth Circuit requires "as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Id.* (citations omitted). The requirement may be waived in limited circumstances because it is not a jurisdictional prerequisite. *Id.; see, e.g., Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 2004) (listing circumstances when waiver of exhaustion requirement may be appropriate). Petitioner claims that the exhaustion requirement should be waived in her case. She argues that exhausting her claim through the BOP's administrative appeals process "would be futile here because the BOP likely would reject Petitioner's appeal based on its official policy that she is challenging." (Petition at 3-4.)

Petitioner's speculation that pursuit of administrative remedies would be futile is belied by the fact that all four federal circuits that have addressed the validity of the BOP policy at issue here, 28 C.F.R. §§ 570.20 and 570.21, have found it invalid. *See Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005). The federal district courts in the Ninth Circuit that have addressed the issue thus far have also found the BOP regulations invalid. *See Whistler v. Wrigley*, No. C 06-0860-LJO-WMW, 2007 WL 1655787, at *3 (E.D. Cal. June 7, 2007). Perhaps as a consequence of this across-the-board rejection of the BOP policy, in *Whistler*, the BOP informed the court that it had evaluated the petitioner "without reference to the time constraints imposed by 28 C.F.R. 570.20-21," and transferred him to a RRC, leading the court to dismiss the petition as moot. *Id.* at *6. Therefore, it is far from clear that

Petitioner's pursuit of administrative remedies would be futile. To the contrary, there is a real possibility that BOP officials will provide the remedy Petitioner seeks in the first instance, thereby rendering the instant action unnecessary.

**CONCLUSION**

In light of the foregoing, the petition for a writ of habeas corpus is DISMISSED without prejudice to refiling after exhausting the BOP's administrative appeals process. As such, Petitioner's motion seeking appointment of counsel is DENIED as moot.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED:  December 21, 2007

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CRYSTAL M RAMOS,

        Plaintiff,

  v.

PAUL COPENHAVEN et al,

        Defendant.

Case Number: CV07-04271 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 21, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Crystal Marie Ramos
Federal Prison Camp-Dublin
5675 8th Street, Camp Parks
81937-180
Dublin, CA 94568

Dated: December 21, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk